UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10266-RWZ

DAVID MAKEPEACE

v.

TERRY DOUGHERTY,
in His Official Capacity as Director of the Office of Medicaid
for the Executive Office of Health and Human Services
of the Commonwealth of Massachusetts

ORDER

October 20, 2010

ZOBEL, D.J.

   Lucius Makepeace, now deceased, incurred $12,281.19 in medical debt before he became eligible for MassHealth Medicaid.  The executor of his estate asks the court for a declaratory judgment that a state regulation which limits the ability of some MassHealth recipients to pay pre-existing medical debt is contrary to federal law.

**I.    Background**

   Makepeace entered the Oxford Nursing Home in early 2008.  He applied for MassHealth Medicaid benefits to pay for this long term care on April 18, 2008, and his application was ultimately approved on September 22, 2008, with benefits retroactive to July 1.  His application would have been approved at an earlier date, with a corresponding earlier date for retroactive benefits, but for the fact that he made a $11,005 disqualifying transfer of funds resulting in a 43-day penalty period of ineligibility.  Makepeace gave these funds to one of his children within five years of the

date he applied for MassHealth, and federal law mandates a period of Medicaid ineligibility when an applicant "disposes of assets for less than fair market value" within this five-year period.  42 U.S.C. § 1396p(c).

MassHealth charges a monthly premium for long term care, calculated by deducting certain specified categories of expenses from the insured's income. 130 Code Mass. Regs. 520.026.  Makepeace requested that MassHealth allow him to deduct from the monthly premium sums to pay an outstanding debt to Oxford Nursing Home that he incurred in the period between his application for MassHealth and the July 1 retroactive benefit date.  His request was denied by the Office of Medicaid Board of Hearings and, on appeal, by the Superior Court.  An appeal to the Appeals Court is pending.

Shortly after filing the appeal, Makepeace brought this suit against Terry Dougherty, Director of the Office of Medicaid, seeking a declaration that the Massachusetts regulation specifying what can be deducted from his income is contrary to federal law insofar as it does not allow deductions to pay medical expenses incurred before his application for MassHealth was approved.  Id. at 520.026(E)(2).  After Makepeace's death the executor of his estate substituted as plaintiff.  Defendant now moves to dismiss on grounds of res judicata and because the suit would "interfere" with the pending appeal of the Superior Court decision.

II.     **Analysis**

There is a fundamental problem with this lawsuit, not raised by either party: Plaintiff lacks standing.  Standing requires that the relief a plaintiff seeks will redress

the injury sustained, see, e.g., Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir. 2005), but the declaration that Makepeace seeks will not cure his injury.  The request for a deduction was denied because Makepeace made a federally prohibited disqualifying transfer and was therefore ineligible for MassHealth benefits during the period he incurred the Oxford debt, not because of the post-approval medical expenses limitation in 130 Code Mass. Regs. 520.026.  Makepeace v. Dehner, No. 09-814-C, slip op. at 4-7 (Mass. Super. Ct. January 14, 2010) (Docket # 54 Ex. A); Makepeace, No.0814345, at 6-7 (Mass. Office of Medicaid Board of Hearings Apr. 14, 2009) (Docket # 54 Ex. B).  The Superior Court reached this conclusion after expressly holding what plaintiff now asks this court to declare, namely, that the income deduction regulation is contrary to federal law.  Makepeace, No. 09-814-C at 4-5.  Accordingly, a declaration from this court would not result in MassHealth allowing a deduction to pay the medical debt.

### III.   Conclusion

Defendant's motion to dismiss (Docket # 53) is ALLOWED.  Judgment may be entered dismissing the complaint.

| October 20, 2010 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |